E. H. TITUS, WILSON H. TUCKER AND SAMUEL ORDWAY,
EXECUTORS OF THE LAST WILL AND TESTAMENT
OF EDWARD P. HATCH, DECEASED,

*v.*

STATE OF ILLINOIS.

*Opinion filed November 10, 1913.*

1. INHERITANCE TAX—*when award will be made.* Where a final
decision has been rendered by a court of competent jurisdiction in
favor of a claimant seeking a refund of inheritance taxes errone-
ously paid, this Court will order a refund of the amount erroneously
received by the State.

Elmer E. Wagner, for Claimants.

P. J. Lucey, Attorney General, and Arthur R. Roy, Assist-
ant Attorney General, for State.

The record in this case shows that Edward P. Hatch,
a resident of New York City, died on September 20,
1909, and among the assets of his estate were one thou-
sand shares of the common stock of the Chicago and
Great Western Railway Company. On February 16,
1911, the county judge of Cook County, on the recom-
mendation of the appraiser theretofore appointed,
fixed the inheritance tax in this State, in said estate,
based on an appraisal of twenty-eight ($28.00) dollars
per share as the value of the stock. It appears further,
that the appraiser appraised and valued the stock as
stock of the Chicago and Great Western Railroad
Company instead of the Chicago & Great Western
Railway Company, and at the time of the appraisal,
the shares of stock of the former company were worth
twenty-eight ($28.00) dollars per share and the stock
of the latter company was worth but four ($4.00) dol-
lars per share. In consequence of this appraisal, the
value of the stock was fixed at twenty-eight thousand
($28,000.00) dollars, when it should have been fixed at
four thousand ($4,000.00) dollars. Thereafter, for the
purpose of securing the consent of the county treas-
urer to the transfer of the stock, the executors de-

posited with him a sum of money, and he applied a portion of the amount deposited, one hundred thirty dollars and fourteen cents ($130.14), to the payment of the tax as found by the county judge, and he then, out of said tax, paid to the State Treasurer, one hundred twenty-seven dollars and fifty-four cents ($127.54).

The claimants appealed from the finding of the county judge to the county court, and on September 1, 1911, the county court found that the said shares were erroneously appraised at twenty-eight thousand ($28,000.00) dollars, by the appraiser, and found further, that the value was four thousand ($4,000.00) dollars, instead of said twenty-eight thousand ($28,000.00) dollars, in consequence of which, all the several estates growing out of the estate of Edward P. Hatch, deceased, were exempt from taxation, and the court ordered, that the order fixing the tax entered February 16, 1911, be set aside and vacated, and that no tax be fixed as against the several estates. This is a final order of the county court from which no appeal has been taken.

This Court has heretofore held, that it has jurisdiction to pass upon claims of this character, and when, as in the case of *Griffith* v. *State of Illinois,* in which an opinion was filed in the October Term, 1910, there has been a final adjudication by a court of competent jurisdiction, that a tax has been erroneously paid, this Court will order a refund of the amount received by the State.

In this case it appears that claimants have done all that the law requires of them, to secure the repayment of money paid by them. There is a final adjudication in the county court, the executors made demand of both the State Treasurer and county treasurer for a refund under section 10 of the statute, and did not secure same and have started suit in this Court within the time required by law.

Under such state of facts, the Court finds that the claimants are entitled to repayment out of the State

treasury of the money received, and it is accordingly ordered, that the claim be allowed in the sum of one hundred twenty-seven dollars and fifty-four cents ($127.54).

Judge McMurdy took no part in the decision of this case.